# CIRCUIT COURT OF HENRICO COUNTY

Kenneth Grover

v.

Theresa G. Grover

July 6, 2006

Case No. CH05-559

BY JUDGE L. A. HARRIS, JR.

The above matter is before the Court on the mother's petition for a change in child custody based upon the father's move to Idaho. The Court concludes that there have been material and significant changes since the last order. Both parents have remarried, both have or will soon have additional children, and the father has moved out of state.

After a review of the evidence, argument of counsel, and the applicable authorities including §§ 20-124.2 and 20-124.3 of the Code of Virginia, the Court concludes that the best interest of the children requires that the children remain in the Richmond area and thus with the mother who will have primary physical custody. The evidence shows that the children have been in this area for a significant part of their lives and that the mother had daily contact with the children prior to the move to Idaho. Additionally many extended family members including the maternal grandparents are here. In contrast, there are few extended family members in Idaho, and the only real reason for the move appears to be the remarriage of the father after a brief relationship with his wife. There is no relationship between the father and his parents although they reside in Idaho. The evidence further shows that the mother and her family will support a continuing relationship with the father. I am not unaware that these children have a relationship with the other children of the father that were moved to Idaho, but, I conclude that the move of the children will for all practical purposes destroy the relationship that they have with their mother. Although the mother agreed for the custody of the children to be with the

father at the time of the divorce, this arrangement allowed her to be very much involved in every aspect of their lives which no longer is possible with the children in Idaho. The mother never agreed to the move, but was confronted with the unilateral decision of the father to move and could do little to stop it. An action was filed in the Juvenile Court soon after. However, the move was complete at that time. In summary, the decision of the father to move the children to Idaho for his personal reasons would destroy the relationship between the mother and the children, and when considering the extended family of the mother, the involvement of the mother with the children prior to the move, and the willingness of the mother to foster contact with the father, the separation of the children from the mother is not in the best interest of the children, and, thus, the parents will have joint legal custody with the mother having primary physical custody.

The father has had much involvement with the children and deserves a great deal of credit for doing so. This involvement and contact should continue and he should have as much involvement with the children as possible. With this in mind, the following is a list of the minimum visitation with the father.

1. Summer: one week after school is out until two weeks before school begins.

2. Thanksgiving: alternate years with the father in even years and the mother in odd years. Visitation will be from Wednesday to Sunday.

3. Christmas: the father is to have the children from December 26 through the day prior to school resuming in even years and from December 23 to December 30 in odd years.

4. Spring Break: the father is to have the children each year.

5. Each parent is to have reasonable phone contact, e-mail contact, etc. when the children are with the other parent.

6. All important information such as school, medical, and social information should be shared with each parent.

7. The father should have all other reasonable visitation as is possible in the Richmond area with proper notice to the mother. Likewise, the mother should have reasonable visitation with the children during the summer in Idaho if she chooses to do so.

8. All cost of the travel for the children for visitation is to be shared equally by the parties. If the father wishes for the children to visit in Idaho at reasonable times other than those outlined above, he is permitted to do so with proper notice to the mother and if he pays the expenses.

The change in residence of the children should take place no later than August 13, 2006.